**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CURTIS T. REED,

     Plaintiff,

v.                                Case No. 8:24-cv-2835-TPB-CPT

INLAND RESIDENTIAL REAL
ESTATE SERVICES, LLC,

     Defendant.
_____/

## ORDER REGARDING ESTABLISHMENT
## OF DIVERSITY JURISDICTION

On or before April 10, 2025, the parties are directed to file a joint brief – not exceeding 5 pages exclusive of exhibits – demonstrating the existence of subject matter jurisdiction.  The brief should specifically include as exhibits any declarations and other evidence necessary to establish the citizenship of every party separately and the amount in controversy.

In addressing citizenship, the parties shall consider the legal requirements for alleging and proving the citizenship of individuals and different types of aggregates or entities.  *See generally Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Hous., LLC*, 713 F. App'x 821, 824 (11th Cir. 2017).  The requirements include:

     (1) As to individuals:  the individual's domicile (not merely residence).  *See Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145,

1149 (11th Cir. 2021) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)).

(2) As to corporations:  the corporation's place of incorporation *and* principal place of business.  *See* 28 U.S.C. § 1332(c).

(3) As to partnerships:  the citizenship of each general and each limited partner (the citizenship of each partner shall be addressed as provided for in paragraphs (1), (2), and (4) herein).  *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004);  *Vill. Fair Shopping Ctr. Co. v. Sam Broadhead Tr.,* 588 F.2d 431, 433 n.1 (5th Cir. 1979).

**(4) As to limited liability companies: the citizenship of each member (the citizenship of each member of the LLC shall be addressed as provided for in paragraphs (1), (2), and (3) herein).**  *Rolling Greens MHP, L.P.*, 374 F.3d at 1022.

In addressing the amount in controversy, the parties shall identify the specific factual bases for alleging the amount in controversy exceeds $75,000, exclusive of interest and costs, keeping in mind that parties are not permitted to simply agree or stipulate among themselves that the amount in controversy exceeds $75,000.  *See Travaglio v. American Exp. Co.,* 735 F.3d 1266, 1269-70 (11th Cir. 2013) ("[I]t is fundamental that parties may not stipulate to federal jurisdiction.");  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied,

without setting forth the underlying facts supporting such an assertion, is insufficient…").

      **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>28th</u> day of March, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE